STATE OF IOWA, Appellee, v. ANDREW LONG, Appellant.

**CRIMINAL LAW:**    Admissions as Substantive Evidence.    An admission by the defendant of a fact tending to show guilt is admissible as substantive evidence of the fact, though not amounting to a confession.

*Appeal from Johnson District Court.*—R. G. POPHAM, Judge:

JULY 6, 1920.

APPEAL from a judgment of conviction for fraudulently uttering a forged instrument.—*Affirmed.*

*John J. Ney,* for appellant.

*H. M. Havner,* Attorney General, and *F. C. Davidson,* Assistant Attorney General, for appellee.

EVANS, J.—Appellant's abstract is quite imperfect in its disclosure of the record below. A purported indictment of the defendant is set out in.full, together with the names of the witnesses who appeared before the grand jury, and the purported testimony of each. We infer that this testimony was repeated at the trial, although the abstract does not so state. Demurrer to the indictment is set out in full in the abstract. It does not appear, however, that any ruling was had thereon, nor is any reference to the demurrer made in the brief of appellant. We infer that an appeal was duly taken, though no statement to that effect is contained in the abstract. The words, "Notice of Appeal," however, appear upon the abstract, immediately following the "demurrer" therein set forth. We infer that a verdict

of guilty was rendered against the defendant and a judgment entered thereon, though such fact does not appear in the abstract.

It is, therefore, a matter of great doubt whether sufficient is disclosed in the abstract to confer appellate jurisdiction upon us. We shall, however, solve the doubt in favor of the defendant, and consider the purported appeal upon its merits.

Two assignments of error are set forth in appellant's argument, as follows:

1. The confession of the defendant, unless made in open court, will not warrant a conviction.

2. The defendant was not a witness on the trial, and there was no evidence of his guilt.

The foregoing assignment of errors is supported by six lines of argument.

As to the first alleged error, the record before us does not disclose that there was any confession of defendant, nor that his conviction was made to rest upon a confession. It does appear that the defendant presented for collection a forged check for $40. Evidence of later admissions by him that he forged the check and intended to collect it was introduced. These admissions were less than a "confession," in the legal sense. They were, however, admissible in evidence, and were competent evidence of the facts admitted. The thought suggested in appellant's brief seems to be that these admissions would have been admissible only as impeaching the testimony of the defendant as a witness, and that, inasmuch as he was not a witness, the same were not admissible. This is clearly an incorrect view.

As to the second alleged error, it is enough to say that the testimony set forth in the record was not only sufficient to sustain a conviction, but was virtually conclusive of guilt. The judgment below is—*Affirmed.*

WEAVER, C. J., PRESTON and SALINGER, JJ., concur.